UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF FLORIDA
CASE NO.:

FERNANDO LOSADA,

    Plaintiff,

v.

CITY OF WEST PALM BEACH,
PUBLIC WORKS DEPARTMENT

    Defendant.
_____/

## COMPLAINT

Plaintiff, FERNANDO LOSADA ("LOSADA" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, CITY OF WEST PALM BEACH, PUBLIC WORKS DEPARTMENT (hereinafter "the City" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Palm Beach County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an Equipment Operator I.

6. Plaintiff is a Hispanic male who experienced disparate treatment, hostile work environment, and retaliation on the basis of his race and/or national origin. Plaintiff is therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race and/or national origin.

7. Defendant is an agency of the City of West Palm Beach, Palm Beach County, Florida, organized and existing by the virtue of West Palm Beach, Palm Beach County, Florida which operates at and its home office is 1045 Charlotte Avenue, Building #5, West Palm Beach, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed his charge on or about May 18, 2021, which was no more than 300 days after the last discriminatory event occurred, to wit: February 26, 2021.

11. Plaintiff was issued a Notice of Suit Rights on May 8, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff, a Hispanic male, worked for Defendant as an Equipment Operator 1 from February 2017 until his forced resignation on February 26, 2021.

13. Shortly after Plaintiff began working for Defendant, his manager Leon Pinder ("Pinder") began harassing him due to his race and/or national origin.

14. Plaintiff was continual singled out and assigned disgusting and degrading jobs and subjected to numerous meritless disciplinary actions to which no other similarly situated non-Hispanic employees were subjected.

15. Pinder required Plaintiff to hand wash garbage trucks in an attempt to demoralize and harass him.

16. There was no operational need for Plaintiff to hand wash garbage trucks as Defendant had contractors in place to wash garbage trucks.

17. When Plaintiff's sweeper truck was being repaired, Pinder required Plaintiff to do due janitorial tasks or use the leaf blower while other similarly situated non-Hispanic employees would simply get into a service truck and continue their route when their sweeper trucks broke down.

18. On one occasion, Pinder required Plaintiff to use a leaf blower over an area that would normally be assigned to three or more people. Plaintiff was forced to finish the entire area even though his truck was ready long before his task was completed.

19. Plaintiff was also subjected to several meritless write-ups.

20. Plaintiff frequently reported mechanical issues and took his truck in for repairs. Many times no repairs would be done yet Plaintiff would be held accountable for the issues that were not properly resolved.

21. When Plaintiff took a picture of a warning light that was not repaired with his cell phone to use as proof against a meritless write up he anticipated receiving, he was disciplined for using his cell phone.

22. On more than one occasion, Plaintiff was accused of and disciplined for infractions that did not happen.

23. Plaintiff complained to human resources regarding the disparate treatment he was subjected to at the hands of Pinder on several occasion.

24. On January 6, 2021, Plaintiff wrote a letter to Stephon Harris requesting an investigation into his complaints against Pinder.

25. On February 26, 2021, Plaintiff was told to resign or he would be terminated.

26. Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's race and/or national origin were, at minimum, a motivating factor in Defendant's disparate treatment of Plaintiff including but not limited to Defendant's decision to for Plaintiff to resign or terminate Plaintiff [1].

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

28. Plaintiff is entitled to reasonable attorneys' fees and costs if he is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (DISCRIMINATION BASED ON RACE AND/OR NATIONAL ORIGIN)

29. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

30. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race and/or national origin.

31. Plaintiff is a member of a protected class, to wit, Hispanic.

32. Plaintiff experienced discriminatory treatment due to his race and/or national origin.

33. Defendant treated Plaintiff less favorably than Plaintiff's non-Hispanic co-workers. Specifically, Defendant subjected Plaintiff to demoralizing and degrading assignments and meritless disciplinary actions. Non-Hispanic workers were not subjected to the same job assignments or meritless disciplinary actions.

34. Due to the disparate treatment inflicted on Plaintiff on the basis of his race and/or national origin, Plaintiff was forced to resign or be terminated.

35. Defendant's reasons for Plaintiff's forced resignation were pretextual.

36. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race and/or national origin was, at minimum, a motivating factor in Defendant's adverse employment decisions.

37. Defendant acted with intentional disregard for Plaintiff's rights as a Hispanic protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of is owners, supervisors and/or other employees.

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

39. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FERNANDO LOSADA requests that:

   a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

   b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

   c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

   d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (HOSTILE WORK ENVIRONMENT)

40. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

41. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of race and/or national origin.

42. Plaintiff is a member of a protected class, to wit, Hispanic.

43. Plaintiff was subjected to demoralizing and degrading job assignments and meritless disciplinary actions, due to Plaintiff's race and/or national origin.

44. Pinder constantly treated Plaintiff less favorably than Plaintiff's non-Hispanic, co-workers. Specifically, Pinder intentionally and systematically subjected Plaintiff to demoralizing and degrading job assignments and meritless disciplinary actions which ultimately led to Plaintiff's forced resignation.

45. Pinder was Plaintiff's direct supervisor while Plaintiff was employed by Defendant during the times alleged by Plaintiff above. Pinder's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

46. Defendant, including its supervisor, Pinder, acted with intentional disregard for Plaintiff's rights as a Hispanic person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Pinder.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FERNANDO LOSADA requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

49. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

50. Plaintiff brings this action for retaliation in violation of Title VII.

51. Plaintiff experienced discriminatory treatment because Plaintiff is Hispanic.

52. Plaintiff complained about the discriminatory treatment due to his race and/or national origin.

53. As a result of Plaintiff's complaints, Defendant forced Plaintiff to resign or be terminated.

54. Defendant's reasons for Plaintiff's forced resignation were pretextual.

55. Plaintiff's forced resignation constitutes an adverse employment actions under Title VII.

56. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisor, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FERNANDO LOSADA requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

  c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

  d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT IV: VIOLATION OF FCRA**
**(DISCRIMINATION BASED ON RACE)**

57. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

58. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

59. Plaintiff is a member of a protected class, to wit, Hispanic.

60. Plaintiff experienced discriminatory treatment due to his race and/or national origin.

61. Defendant treated Plaintiff less favorably than Plaintiff's non-Hispanic co-workers. Specifically, Defendant subjected Plaintiff to demoralizing and degrading assignments and meritless disciplinary actions. Non-Hispanic workers were not subjected to the same job assignments or meritless disciplinary actions.

62. Due to the disparate treatment inflicted on Plaintiff on the basis of his race and/or national origin, Plaintiff was forced to resign or be terminated.

63. Defendant's reasons for Plaintiff's forced resignation were pretextual.

64. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race and/or national origin was, at minimum, a motivating factor in Defendant's adverse employment decisions.

65. Defendant acted with intentional disregard for Plaintiff's rights as a Hispanic protected under FRCA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Pinder, and/or other employees.

66. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FERNANDO LOSADA requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (HOSTILE WORK ENVIRONMENT)

68. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

69. Plaintiff brings this action under FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of race and/or national origin.

70. Plaintiff is a member of a protected class, to wit, Hispanic.

71. Plaintiff was subjected to demoralizing and degrading job assignments and meritless disciplinary actions, due to Plaintiff's race and/or national origin.

72. Pinder constantly treated Plaintiff less favorably than Plaintiff's non-Hispanic, co-workers. Specifically, Pinder intentionally and systematically subjected Plaintiff to demoralizing and degrading job assignments and meritless disciplinary actions which ultimately led to Plaintiff's forced resignation.

73. Pinder was Plaintiff's direct supervisor while Plaintiff was employed by Defendant during the times alleged by Plaintiff above. Pinder's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

74. Defendant, including its supervisor, Pinder, acted with intentional disregard for Plaintiff's rights as a Hispanic person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Pinder.

75. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

76. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FERNANDO LOSADA requests that:

   e. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

   f. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

   g. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

   h. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF FCRA
## (RETALIATION)

77. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

78. Plaintiff brings this action for retaliation in violation of FCRA.

79. Plaintiff experienced discriminatory treatment because Plaintiff is Hispanic.

80. Plaintiff complained about the discriminatory treatment due to his race and/or national origin.

81. As a result of Plaintiff's complaints, Defendant forced Plaintiff to resign or be terminated.

82. Defendant's reasons for Plaintiff's forced resignation were pretextual.

83. Plaintiff's forced resignation constitutes an adverse employment actions under FCRA.

84. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisors, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FERNANDO LOSADA requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c.    The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d.    The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff FERNANDO LOSADA hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: August 2, 2022

                                          LAW OFFICES OF CHARLES EISS, P.L.
                                          Attorneys for Plaintiff
                                          7951 SW 6th Street, Suite 112
                                          Plantation, Florida 33324
                                          (954) 914-7890 (Office)
                                          (855) 423-5298 (Facsimile)

By:    /s/ Charles M. Eiss
           CHARLES M. EISS, Esq.
           Fla. Bar #612073
           chuck@icelawfirm.com
           SHANNA WALL, Esq.
           Fla. Bar #0051672
           shanna@icelawfirm.com